UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CHARLES N. BARNES, SR. [1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 7:07-CV-01049-LSC |
| ) | |
| BENEFICIAL CALIFORNIA, INC., ) | |
| a Corporation; AFNI, INC., ) | |
| a Corporation, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for his Complaint against the Defendants he states as follows:

**Jurisdiction & Venue**

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[2] regarding inaccurate entries on his credit reports and violations of other applicable federal laws. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3. The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same

---

[1] a/k/a Charlie Barnes or Charley Barnes.

[2] Any reference to the Fair Credit Reporting Act (or the Fair Debt Collection Practices Act) or any part thereof encompasses all relevant parts and subparts thereto.

case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4. The Plaintiff, CHARLES N. BARNES, SR. ["PLAINTIFF"], is a natural person who resides within the Western Division of this District.

5. Defendant AFNI, INC. ["AFNI"], is a foreign company that engages in business in this judicial district.

6. Defendant, BENEFICIAL CALIFORNIA INC, ["BENEFICIAL"] is a foreign company that engages in business in this judicial district.

7. PLAINTIFF filed bankruptcy and was discharged on April 17, 2006, with a case number of 05-70050-CMS7. BENEFICIAL received a copy of the discharge order.

8. Despite the court order, Beneficial[3] continued to report PLAINTIFF's account (211765-5XXXX) to Equifax (one of the national consumer reporting agencies "CRAs") as having a current balance owed of approximately $6,719.00, which is incorrect and false.

9. Beneficial reported to Experian that the account had been transferred and was 180 days delinquent but BENEFICIAL did not show that the account was included in bankruptcy.

10. BENEFICIAL have intentionally and maliciously refused to report the true balance to the CRAs when BENEFICIAL knew that the debt was discharged in bankruptcy.

11. AFNI has falsely reported two identical accounts (100543XXXX) to Equifax related to the original creditor of Dish Network. Both show a current balance of $342.00.

12. PLAINTIFF has never had Dish Network and has within the last year disputed these accounts through at least Equifax and Experian.

---

[3] The credit report lists the furnisher as "Beneficial/HFC." Upon information and belief, "Beneficial" is a part of or has become HFC.

13. The CRAs promptly and in a timely manner notified AFNI of the dispute by PLAINTIFF but AFNI verified this false information.

14. The effect of these errors on PLAINTIFF'S credit reports has been to negatively impact his credit report, credit worthiness, and his credit score.

15. The conduct of the DEFENDANTS have proximately caused PLAINTIFF past and future monetary loss, past and future damage to his credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

16. BENEFICIAL has a policy and procedure to refuse to update credit reports of consumers, like the PLAINTIFF, who have discharged the debts. The reason is to keep false information on the credit report. The false information consists of a balance shown as owed (when BENEFICIAL knew no balance is owed) and intentionally refusing to show a current status of "included in bankruptcy" or "discharged in bankruptcy".

17. BENEFICIAL failed to report the account as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

18. BENEFICIAL have promised through its subscriber agreements or contracts to update accounts that have been discharged in bankruptcy but BENEFICIAL has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law which has resulted in the intended consequences of this information remaining on PLAINTIFF'S credit reports.

19. AFNI has promised through its subscriber agreements or contracts to update accounts that are not PLAINTIFF'S but AFNI has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law which has resulted in the intended consequences of this information remaining on PLAINTIFF'S credit reports.

20. The DEFENDANTS have a policy to "park" their accounts on at least one of the consumer's credit report. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the DEFENDANTS' intentional and malicious conduct.

21. In parking an account, the DEFENDANTS have an obligation and duty under federal and state law to accurately report the balance and the DEFENDANTS willfully and maliciously refuse to do so.

22. The DEFENDANTS know that parking a balance will lead to false and defamatory information being published every time the PLAINTIFF'S credit report is accessed and this is the malicious and intentional design behind the DEFENDANTS' actions with the goal to force the PLAINTIFF to pay on an account he does not owe.

23. The credit reports of PLAINTIFF have been accessed numerous times in the last two years.

24. When the consumer pays the "parked" account, the DEFENDANTS claim that such payment was purely "voluntarily" or was to pay off a "moral obligation". The

4

        DEFENDANTS know and intend that by willfully and maliciously parking the account on the credit report, illegal payment can be extorted from the consumer.

25. Despite receiving dozens, if not hundreds, of disputes that its reporting on accounts included in bankruptcy was false, BENEFICIAL intentionally and knowingly has not corrected its policy of keeping false and damaging information on at least one of the PLAINTIFF's credit reports.

26. Despite receiving dozens, if not hundreds, of disputes that its reporting on accounts was inaccurate, AFNI intentionally and knowingly has not corrected its policy of keeping false and damaging information on at least one of the PLAINTIFF's credit reports.

27. It is a practice of DEFENDANTS to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the FCRA and state law.  In the case of AFNI, this also includes the FDCPA, as AFNI is a debt collector under the FDCPA.

28. All actions taken by employees, agents, servants, or representatives of any type for DEFENDANTS were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

29. All actions taken by DEFENDANTS were done with malice, were done wantonly, recklessly, intentionally or willfully, and were done with either the desire to harm PLAINTIFF and/or with the knowledge that its actions would very likely harm PLAINTIFF and/or that its actions were taken in violation of the law.

30. DEFENDANTS have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and such DEFENDANTS are

subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by DEFENDANT and similar companies.

## FIRST CLAIM FOR RELIEF
### State Law Claims

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

32. DEFENDANTS published false information about PLAINTIFF by reporting the DEFENDANTS' account with a false balance ( BENEFICIAL) and by reporting false accounts (AFNI). Each time the credit reports of PLAINTIFF were accessed, a new publication occurred, which was the result intended by the DEFENDANTS.

33. PLAINTIFF alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure PLAINTIFF.

34. DEFENDANTS acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about PLAINTIFF as set forth in this Complaint. This includes the initial reporting of DEFENDANTS' accounts; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

35. DEFENDANTS invaded the privacy of PLAINTIFF as set forth in Alabama law, including publishing false information about PLAINTIFF'S personal financial obligations.

36. Such negligence, malice, wantonness, recklessness, willfulness and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

## SECOND CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

6

37. All paragraphs of this Complaint are expressly adopted and incorporated as if fully set forth herein.

38. PLAINTIFF is a "consumer," as codified at 15 U.S.C. § 1681a(c).

39. AFNI is an entity who, regularly and in the course of business, furnishes information to one or more CRAs about AFNI's transactions or experiences with any consumer and AFNI constitutes "furnishers," as codified at 15 U.S.C. § 1681s-2.

40. PLAINTIFF notified the CRAs directly of a dispute on the completeness and/or accuracy of the accounts of AFNI.

41. All of the CRAs notified AFNI in a timely manner of the dispute in full compliance with the FCRA.

42. No entity, including AFNI, ever notified PLAINTIFF that his disputes were frivolous or irrelevant, or that he had failed to provide sufficient information to investigate the disputed information.

43. PLAINTIFF alleges that AFNI failed in all respects to conduct a proper and lawful reinvestigation from start to finish as required under federal law.

44. For example, AFNI knew that the accounts were not accounts of PLAINTIFF, yet AFNI failed to adequately investigate the disputes, which were relayed by the CRAs to AFNI.

45. AFNI failed to delete the account as required by the FCRA and FDCPA.

46. All actions taken by AFNI were done with malice, were done willfully, intentionally, and recklessly and were done with either the desire to harm PLAINTIFF and/or with the knowledge that its actions would very likely harm PLAINTIFF and/or that its actions were taken in violation of the FCRA.

47. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

### THIRD CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

49. AFNI, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

    a. Falsely reporting a balance owed and an account on PLAINTIFF's credit report;

    b. Falsely attempting to collect a debt when there is no legal right to collect a debt not owed; and

    c. Refusing to mark the accounts as "disputed" on the Equifax credit report of PLAINTIFF.

50. PLAINTIFF has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

### RELIEF SOUGHT

51. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

52. PLAINTIFF also requests all further relief to which he is entitled, whether of a legal or equitable nature.

        Respectfully Submitted,

        /s/ John G. Watts
        **John G. Watts ASB-5819-T82J**
        **Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring_____
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177  *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ M. Stan Herring_____
**Attorney for Plaintiff**

9

## CERTIFICATE OF SERVICE

This is to certify that on the 27th day of August, 2007, a true and correct copy of the above and foregoing document has been electronically filed with the foregoing Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel and/or a copy is emailed to those individuals who are non-CM/ECF participants:

Neal D. Moore                                    Via:  ____    Certified Mail
**FERGUSON, FROST & DODSON, LLP**                        __X__  Facsimile or e-mail
Post Office Box 430189                                   __X__  Court's ECF System
Birmingham, Alabama 35243-0189
ndm@ffdlaw.com

*Attorney for Defendant AFNI, Inc.*

Andrew J. Noble, III                             Via:  ____    Certified Mail
Ronald H. Kent                                           __X__  Facsimile or e-mail
BRADLEY ARANT ROSE & WHITE LLP                           __X__  Court's ECF System
P. O. Box 830709
Birmingham, AL 35283-0709
anoble@bradleyarant.com

*Attorneys for Beneficial California, Inc.*

 

                **s/ M. Stan Herring**_____
                **OF COUNSEL**